Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
235 Montgomery Street Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile:  (415) 391-9432
daniel@dfederlaw.com

Attorneys for Plaintiff
L. Reis, an individual

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. REIS, an individual,<br><br>    Plaintiff,<br><br>    v.<br>MCKINSEY & COMPANY, INC.; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) Wrongful Term in Violation of Public Policy;<br>(2) Discrimination Based on Sex in Violation of FEHA;<br>(3) Retaliation in Violation of Labor Code Section 1102.5.<br>(4) Retaliation for Taking/Requesting Sick Days;<br>(5) Retaliation for Requesting/Taking PDL Leave;<br>(6) Retaliation for Requesting/Taking Family Medical Leave under CFRA;<br>(7) Retaliation in Violation of FEHA;<br>(8) Failure to Prevent Discrimination and Retaliation. |

Plaintiff L. Reis (hereafter "Plaintiff" or "Reis") complains as follows:

## **THE PARTIES**

1. Plaintiff is an individual over the age of 18 and is a resident of the State of California.

2. Defendant McKinsey & Company, Inc. (hereafter "Defendant") is a corporation doing business in the State of California. Defendant is incorporated in the State of New York. At

1
**Plaintiff's Complaint for Damages**

1  all times relevant to the complaint, Plaintiff was employed and worked from branch locations located in County, California.

3.  The true names and capacities, whether individual, corporate, associate or otherwise of Does 1 through 50, inclusive, are unknown to Plaintiff. Plaintiff therefore sues such defendants by such fictitious names and will amend this complaint to insert their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each such fictitiously named defendant is in some manner, means or degree, connected with the matters alleged and is liable to Plaintiff thereon.

4.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and/or employment. Defendants, and each of them, are the employers of the managers and supervisors herein complained of, and supervising over Plaintiff, and therefore Defendants, and each of them, are liable for the discriminatory and harassing acts conducted by their agents, employees and supervisors, under the theory of Respondeat Superior.

## JURISDICTION & VENUE

5.  Personal jurisdiction is proper in this district because all of the plaintiff's claims arise out of defendants' purposeful contacts with the plaintiff in this district, and because the exercise of jurisdiction over the defendants is fair and reasonable.

6.  The plaintiff is a citizen if the State of California. The defendant MCKINSEY & CO is incorporated in the State of NEW YORK. The amount in controversy in this action exceeds $75,000. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

7.  Venue is proper in the Northern District of California under 28 U.S.C.§1391(b)(2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.  Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

9. In December 2023, Plaintiff returned from her maternity leave following the birth of her first child.

10. Between February and May 2024, Plaintiff attempted to staff herself in client-facing engagements, although this was not part of her job description. Neville Mehta, the People Development Manager (PDM), was responsible for staffing Plaintiff. Despite her extensive experience at McKinsey, Plaintiff was denied staffing in client projects several times after disclosing her pregnancy. The available projects required weekly travel, which Plaintiff could not commit to due to her pregnancy. Several women at McKinsey raised complaints about pregnancy discrimination.

11. On March 4, 2024, Plaintiff informed McKinsey HR about her pregnancy and provided the expected due date.

12. In April 2024, Rens Van den Broek, the DGL and evaluator, assessed Plaintiff during the spring evaluation and rated her as having a "strong performance."

13. Also in April 2024, Plaintiff began an internal rotation, authorized by HR, due to her inability to secure client work because of her pregnancy. She had been turned down for client projects whenever she disclosed her pregnancy, as she would not be able to travel for the entire duration of the projects. Plaintiff communicated with Rens Van den Broek and Neville Mehta about the internal role and sought their advice. Both individuals did not foresee any issues with the new role.

14. Between July and August 2024, Plaintiff excelled in her internal rotation with the Sourcing Team, which led to an offer for a permanent position as a Sourcing Expert, a higher position than her role as an associate. However, due to a hiring freeze imposed by McKinsey's new CFO, she was unable to complete the transfer in time.

15. On August 12, 2024, Plaintiff began short-term health disability leave until her expected due date of November 10, 2024.

16. On October 1, 2024, Rens Van den Broek departed from McKinsey and sent a note to Plaintiff, indicating he was unable to conduct a handover with the new evaluator, Jonathan Shulman, who had been assigned at the last minute. Evaluators are typically expected to engage

1    with their DGLees before the fall evaluation committee to create a case for evaluation. However, Jonathan Shulman did not engage with Plaintiff prior to the evaluation.

17. On October 25, 2024, Plaintiff gave birth to her second child and began her maternity leave, with an estimated return date of March 24, 2025.

18. On November 19, 2024, Plaintiff was CTLed (fired). Typically, McKinsey first issues a "2-concerns" rating before terminating an employee, allowing them six months to improve. In Plaintiff's case, she was fired without the opportunity to address any performance gaps, despite having received a "3-Strong" rating in April. Plaintiff had only worked on one project between the two evaluation cycles, the internal Sourcing Team, where she had performed well.

19. On November 21, 2024, Plaintiff inquired about the implications for her maternity leave if she were fired after starting it, as there was no clear policy on this matter. After several discussions, HR informed her that if she were terminated after giving birth, the "Search" (a benefit for employees after termination) would begin immediately, and any remaining health leave would be paid out. McKinsey's maternity leave consists of 10 weeks of health leave and 11 weeks of parental leave. Plaintiff documented these discussions in emails for proof. However, HR later claimed there had been a misunderstanding and informed her that they would not pay any benefits after her termination during maternity leave.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. Plaintiff has filed an administrative charge with the California Civil Rights Department and has received a right to sue letter.

## FIRST CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## (AGAINST ALL DEFENDANTS)

21. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

22. At all times relevant herein, Plaintiff was employed by Defendants, and/or Does 1-50, and each of them until her termination.

23. An employee may maintain a tort action and recover damages when an employer's discharge of an employee violates public policy. (Tameny v. Atlantic Richfield Co. (1980) 27

Cal.3d 167, 170.) In addition, FEHA was in full force and effect and binding upon Defendants and Does 1-50 at all times relevant to this complaint. FEHA prohibits employers from harassing, retaliating, and terminating an employee because the employee has opposed and spoken out again any practices forbidden under FEHA.

24. Defendants and/or Does 1-50 violated the public policy of California by terminating Plaintiff's employment.

25. As a direct, proximate, and foreseeable result of Defendants' conduct, and/or Does 1-50, and each of their, acts and/or failures to act, as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

26. Defendants, and/or Does 1-50, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendant, and/or Does 1-50, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SECOND CAUSE OF ACTION
### DISCRIMINATION BASED ON SEX IN VIOLATION OF GOV. CODE § 12940 ET SEQ.
### (AGAINST ALL DEFENDANTS)

27. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

28. At all times relevant herein, Plaintiff was employed by Defendants and/or Does 1-50,

and each of them.

29. The FEHA requires defendants to refrain from discrimination against an employee on the basis of disability or medical condition.

30. Defendants, and/or Does 1–50, and each of them, made decisions that adversely affected Plaintiff in regards to the terms, conditions and privileges of employment culminating in her termination, on the basis of her disability/medical condition. Defendants had actual knowledge of Plaintiff's medical conditions, and made decisions materially and negatively impacting her employment based on her medical conditions, including terminating her because of her medical conditions and taking medical leave.

31. As a direct, proximate, and foreseeable result of Defendants' conduct, and/or Does 1-50, and each of their, acts and/or failures to act, as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

32. Defendants, and/or Does 1-50, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendant, and/or Does 1-50, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### THIRD CAUSE OF ACTION
### RETALIATION IN VIOLATION OF LABOR CODE SECTION 1102.5
### (AGAINST ALL DEFENDANTS)

33. PLAINTIFF re-alleges and incorporates by reference all of the above paragraphs as if they were set forth here in full.

34. At all times relevant herein, Plaintiff was employed by the Defendants until Plaintiff's termination on November 19, 2024.

35. California has a fundamental, substantial, and well-established public policy, as expressed in the California Labor Code Section 1102.5, and other laws and regulations, prohibiting retaliation against employees who oppose illegal practices, including failures to accommodate requests for modified work duties, or leave, under California law. Plaintiff opposed these practices. These policies are codified into law in Labor Code Sections 1102.5. Defendant violated these provisions of the Labor Code by terminating Plaintiff after the opposed such practices, subjecting him to other forms of retaliation before her termination.

36. As a direct and proximate result of the unlawful conduct of Defendants', Plaintiff has suffered damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

37. As a direct and proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has suffered and will continue to suffer severe mental and emotional distress, including but not limited to frustration, depression, nervousness, anxiety and loss of self-worth, and damage to her reputation.

38. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of Defendants and each of them, who were acting at all times relevant to this Complaint within the scope and course of their employment.

39. Defendants' actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff.

40. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, and in conscious disregard for Plaintiff's rights, and such acts were committed by, authorized by, and/or ratified by officers, directors, and/or managing agents of Defendants. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an

amount sufficient to punish and deter Defendants and others for such conduct.

41. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below

### FOURTH CAUSE OF ACTION
### RETALIATION FOR TAKING/REQUESTING SICK DAYS;
### VIOLATIONS OF CALIFORNIA'S HEALTHY WORKPLACES, HEALTHY FAMILIES ACT (LABOR CODE §§245.5-246.5)
### (AGAINST ALL DEFENDANTS)

42. Plaintiff realleges and incorporates by reference, each and every allegation in all paragraphs of this Complaint.

43. Plaintiff was eligible for paid sick leave under California's Healthy Workplaces, Healthy Families Act (Labor Code Sections 245.5-246.5)(the "Act").

44. Defendants are covered employer under the Act.

45. Plaintiff accrued or was entitled to accrue paid sick leave under the Act.

46. The Plaintiff attempted to use or used paid sick leave for a qualifying purpose under the Act.

47. Defendants violated the Act by engaging in prohibited conduct by Denying the plaintiff the right to accrue or use paid sick leave; Retaliating against the plaintiff for using or attempting to use paid sick leave; Failing to provide the required notice or information about the plaintiff's rights under the Act; Failing to comply with recordkeeping requirements or to pay the sick leave.

48. Defendants' actions directly caused the plaintiff harm.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

### FIFTH CAUSE OF ACTION
### VIOLATIONS OF CALIFORNIA'S PREGNANCY DISABILITY LEAVE LAW
### [GOVERNMENT CODE §12945 (a)]
### (AGAINST ALL DEFENDANTS)

49. Plaintiff realleges and incorporates by reference, each and every allegation in all paragraphs of this Complaint.

50. Plaintiff was eligible for Pregnancy Disability Leave under Government Code §12945(a).

51. Defendants are a covered employer under the California Fair Employment and Housing Act (FEHA), which includes the Pregnancy Disability Leave Law.

52. The Plaintiff was pregnant and suffered from a condition(s) related to pregnancy, childbirth, or a related medical condition that made her unable to perform one or more essential job functions.

53. Plaintiff requested or was entitled to take Pregnancy Disability Leave, which can include up to four months of leave per pregnancy.

54. The Defendants violated the Pregnancy Disability Leave Law by engaging in prohibited conduct, such as: Refusing to provide reasonable accommodations; Denying or interfering with the plaintiff's right to take Pregnancy Disability Leave; Terminating, retaliating against, or otherwise discriminating against the plaintiff for exercising her rights under the law; and/or Failing to reinstate the plaintiff to the same or a comparable position after the leave.

55. Defendants' actions directly caused the Plaintiff harm.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

**SIXTH CAUSE OF ACTION**
**RETALIATION FOR REQUESTING/TAKING FAMILY MEDICAL LEAVE UNDER CFRA**
**(AGAINST ALL DEFENDANTS)**

56. Plaintiff realleges and incorporates by reference, each and every allegation in all paragraphs of this Complaint.

57. Plaintiff was eligible for leave pursuant to the CALIFORNIA'S FAMILY RIGHT ACT (GOVERNMENT CODE §12945.2) ("CFRA") and was employed for more than 12 months and worked at least 1,250 hours in the 12-month period before the leave was requested.

58. Defendants are covered employers under CFRA.

59. Plaintiff requested CFRA leave for a qualifying reason.

60. Defendants interfered with, restrained, and/or denied the plaintiff's rights under CFRA, and/or retaliated against Plaintiff for requesting CFRA leave. .

61. Defendant's actions directly caused the plaintiff harm.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

**SEVENTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF CAL. GOV. CODE SECTION 12940 ET SEQ.**
**(AGAINST ALL DEFENDANTS)**

62. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

63. At all times relevant herein, Plaintiff was employed by Defendants, and/or Does 1-50, and each of them.

64. At all times herein mentioned, Defendants qualified as an "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that Defendants regularly employed five or more workers.

65. FEHA, California Government Code § 12940(k)(4) et seq., and other applicable provisions, make it unlawful for any employer to retaliate against an employee for engaging in activity protected by FEHA. California Government Code § 12940(m)(2) further provides that it is illegal for an employer to retaliate or otherwise discriminate against a person for requesting accommodation for a disability.

66. After Plaintiff made a request for accommodation of her disability/medical condition, and Defendants retaliated against by terminating her.

67. As a direct, proximate, and foreseeable result of Defendants' conduct, and/or Does 1-50, and each of their, acts and/or failures to act, as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at

trial.

68. Defendants, and/or Does 1-50, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendant, and/or Does 1-50, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## EIGHTH CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV. CODE § 12940 ET SEQ.
### (AGAINST ALL DEFENDANTS)

69. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

70. At all times relevant herein, Plaintiff was employed by Defendants, and/or Does 1-50, and each of them.

71. At all times mentioned herein, Defendants were prohibited by California Government Code §12940, et seq., among other California statutes, from failing to take all reasonable steps necessary to prevent discrimination, and retaliation, from occurring.

72. Defendants subjected Plaintiff to discrimination and and/or ratified discriminatory conduct towards Plaintiff and retaliated against her for requesting and taking medical leave. Plaintiff is informed and believes, and thereon alleges, that Defendant failed to act and/or to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

73. On information and belief, the Defendant failed to maintain and implement and/or enforce adequate policies and procedures, failed to provide adequate training of personnel, and

failed to take other reasonable steps necessary to prevent the violations of the FEHA alleged herein from occurring.

74. The above-described actions and omissions of the Defendants constitute failure to prevent discrimination and retaliation under the FEHA.

75. As a direct, proximate, and foreseeable result of Defendants' conduct, and/or Does 1-50, and each of their, acts and/or failures to act, as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

76. Defendants, and/or Does 1-50, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendant, and/or Does 1-50, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff makes the following demand:

(a) That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

(b) For general, special, actual, compensatory, nominal damages, and/or liquidated damages, as against Defendants, and each of them, in an amount to be determined at trial;

(c) For back pay and other benefits Plaintiff would have been afforded but-for Defendants, and each of their, unlawful conduct;

(d) For statutory civil penalties;

(e) For punitive damages, according to proof;

(f) For declaratory relief, as against Defendants, and each of them, in an amount to be determined at trial;

(g) For costs and expenses of this litigation;

(h) For reasonable attorneys' fees where appropriate;

(i) For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and,

(j) For all such other relief as this Court deems just and appropriate.

Dated: January 10, 2025                     Law Offices of Daniel Feder

                                            *Daniel L. Feder*
                                            _____
                                            DANIEL FEDER
                                            Attorneys for Plaintiff L. Reis

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: January 10, 2025                     Law Offices of Daniel Feder

                                            *Daniel L. Feder*
                                            _____
                                            DANIEL FEDER
                                            Attorneys for Plaintiff L. Reis