UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| L. REIS,<br><br>    Plaintiff,<br><br>    v.<br><br>MCKINSEY & COMPANY, INC., UNITED STATES,<br><br>    Defendant. | Case No. 25-cv-00393-LB<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 24 |

### INTRODUCTION

The plaintiff sued her former employer, McKinsey & Company, alleging that it fired her for her protected activity of taking pregnancy and family medical leave, in violation of California law prohibiting sex discrimination and retaliation for engaging in protected activity. McKinsey moved to dismiss on the grounds that the plaintiff impermissibly filed the lawsuit under her first initial and last name, in violation of Fed. R. Civ. P. 10(a), and otherwise failed to plead facts that plausibly support cognizable claims for relief. The plaintiff must proceed under her full name. The court dismisses claims three (whistleblower retaliation), four (retaliation for requesting sick leave), and five (pregnancy-disability leave) with leave to amend and otherwise denies the motion to dismiss.

ORDER – No. 25-cv-00393-LB

**STATEMENT**

The plaintiff, who worked for McKinsey, returned from maternity leave in December 2023.[1] She became pregnant again. Between February and May 2024, she attempted to participate in "client-facing" work, even though the work "was not part of her job description."[2] After she disclosed her pregnancy, her manager did not assign her to projects "several times," despite her experience, apparently because the plaintiff could not commit to the weekly travel required for those projects. Several women "raised complaints about pregnancy discrimination."[3]

The plaintiff identifies specific events. On March 4, 2024, she informed HR about her pregnancy and expected due date.[4] In April 2024, her group leader and evaluator conducted her spring evaluation and rated her as "strong."[5] That month, HR authorized an internal job placement for the plaintiff, who could not "secure client work because of her pregnancy," which prevented her from traveling for the projects. Her managers foresaw no issues with her new role.[6] During July and August 2024, she excelled in her new role, leading to an offer for a permanent position as a Sourcing Expert, a higher position than her former role as an associate. McKinsey's CFO imposed a hiring freeze, preventing her transfer to the new role.[7]

On August 12, 2024, the plaintiff began a short-term disability leave through November 10, her due date.[8] On October 1, 2024, her group leader and evaluator left McKinsey and sent her a note stating that he was unable to "conduct a handover" with the new evaluator, "who had been

---

[1] Compl. – ECF No. 1 at 3 (¶ 9). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id*. at 3 (¶ 10).

[3] *Id*.

[4] *Id*. (¶ 11).

[5] *Id*. (¶ 12).

[6] *Id*. (¶ 13).

[7] *Id*. (¶ 14).

[8] *Id*. (¶ 15).

assigned at the last minute." Evaluators typically engage with their supervisees before the fall evaluation "to create a case for evaluation." That did not occur.[9]

The plaintiff gave birth to her second child on October 25, 2024, and began maternity leave, scheduled through March 24, 2025.[10] On November 19, 2024, McKinsey terminated her employment. Typically, before terminating an employee, McKinsey issues a "2–concerns" rating and allows six months to improve. The plaintiff was terminated without an opportunity to address any performance gaps. She had received a "3–Strong" rating in April 2024, and worked only one project after that before her disability leave (the internal role where she excelled and was offered a permanent position).[11]

On November 21, 2024, the plaintiff asked HR — due to the absence of a clear policy — about the effect of her termination on her maternity leave. After several discussions, documented in emails, HR informed her that if she were terminated after giving birth, her termination benefits (called Search) would begin immediately, and any remaining health leave would be paid. The plaintiff had ten weeks of health leave and eleven weeks of parental leave. HR later claimed "a misunderstanding" and stated that it would not pay any benefits after her termination.[12]

The complaint has eight claims: (1) wrongful termination in violation of public policy; (2) sex discrimination (in the form of termination based on her disability/medical condition of pregnancy) in violation of California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940 et seq.; (3) whistleblower retaliation for her complaints about McKinsey's allegedly unlawful employment practices, in violation of Cal. Lab. Code § 1102.5; (4) retaliation for requesting sick leave accrued under California's Healthy Workplaces, Healthy Families Act, Cal. Lab. Code §§ 245.5–246.5; (5) retaliation for requesting pregnancy-disability leave, in violation of California's Pregnancy Disability Leave Law, Cal. Gov't Code § 12945(a); (6) retaliation for requesting medical leave under California's Family Rights Act, Cal. Gov't. Code § 12945.2; (7) retaliation for requesting disability leave, in violation of the FEHA; and (8) failure to prevent discrimination

---

[9] *Id*. at 3–4 (¶ 16).

[10] *Id*. at 4 (¶ 17).

[11] *Id*. (¶ 18).

[12] *Id*. (¶ 19).

and retaliation for taking medical leave, in violation of the FEHA.[13] The court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000.[14] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[15] The court held a hearing on June 26, 2025.

# LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations that, when accepted as true, are sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020) ("[O]nly the *claim* needs to be plausible, and not the facts themselves . . . ."); *see Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018) (the court must accept the factual allegations in the complaint "as true and construe them in the light most favorable to the plaintiff" (cleaned up)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court

---

[13] *Id.* at 4–12 (¶¶ 21–76).

[14] *Id.* at 2 (¶ 6).

[15] Consents – ECF Nos. 12, 16.

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (cleaned up). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up).

If a court dismisses a complaint due to insufficient factual allegations, it should grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). If a court dismisses a complaint because its legal theory is not cognizable, the court should not grant leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

## ANALYSIS

There are two issues: (1) whether the plaintiff can proceed under her first initial and last name, or whether she must use her full first name, and (2) whether she states plausible claims. The plaintiff has not established why nondisclosure of her identity is necessary and cannot proceed under a pseudonym. She did not plausibly plead claims for whistleblower retaliation (claim three), retaliation for requesting sick leave (claim four), or denial of pregnancy-disability leave (claim five) but otherwise plausibly pleaded her claims for discrimination and retaliation.

**1. Pseudonym**

The general presumption is that parties must use their real names. *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). "This presumption is loosely related to the public's right to open courts . . . and the right of private individuals to confront their accusers." *Id.* (cleaned up). When a plaintiff seeks to proceed anonymously, the court must balance "the general presumption that parties' identities are public" against "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to . . . retaliation." *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015). Courts have held that certain privacy interests, such as a plaintiff's HIV-positive status *(Doe v. City &*

*County of San Francisco*, No. 16-cv-06950-KAW, 2017 WL 1508982, at *2 (N.D. Cal. Apr. 27, 2017)), sexual assault allegations (*Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011)), and "nude and semi-nude dancing" because it involves "the area of human sexuality" (*Jane Roes 1–2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015)), may warrant anonymity.

This case involves pregnancy discrimination, not sensitive privacy interests like those in the *Doe* cases. Regarding retaliation, the Ninth Circuit allows pseudonyms in the "unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (cleaned up) (citing *Doe v. Madison Sch. Dist. No. 321*, 147 F.3d 832, 834 n.1 (9th Cir. 1998), *vacated on other grounds*, 177 F.3d 789 (9th Cir. 1999) (en banc), and noting that the plaintiff there filed the case as a Jane Doe because "she feared retaliation by the community."). No risk of retaliation supports a motion to proceed under a pseudonym.

## 2. FEHA Wrongful Termination Claims (Claims One, Two, Seven, and Eight)

The FEHA claims are sex discrimination based on McKinsey's alleged termination of the plaintiff for her disability/medical condition of pregnancy (claim two), retaliation for requesting disability leave (claim seven), and failure to prevent discrimination and retaliation for taking medical leave (claim eight). The parties agree that claim one, wrongful termination in violation of public policy, is predicated on the FEHA claims for discrimination and retaliation.[16] The issue is whether the plaintiff plausibly states FEHA claims. She does, and thus also plausibly pleads claim one: she alleges successful employment reviews, a need for medical leave, a request for it, the granting of leave, and a termination in violation of company policy during her medical leave.

---

[16] Mot. – ECF No. 24 at 12–13 (claim one is derived from the FEHA claims); Opp'n – ECF No. 25 at 2–4 (did not dispute the point). The failure to address an argument is a concession of it. *Lansdown v. Bayview Loan Servicing, LLC*, No. 22-cv-00763-TSH, 2023 WL 2934932, at *4 (N.D. Cal. Apr. 12, 2023) (a failure to oppose an argument is waiver and abandonment and thus "concedes the argument"); *Rosenfeld v. U.S. DOJ*, 903 F. Supp. 2d 859, 869 (N.D. Cal. 2012) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (cleaned up).

ORDER – No. 25-cv-00393-LB                    6

The plaintiff's claim is partly predicated on the denial of client assignments due to her pregnancy.[17] FEHA prohibits employers from failing to make reasonable accommodation for an employee's known physical disability. Cal. Gov't Code § 12940(m); *cf. id.* § 12945(a)(3)(A) (prohibiting refusal to provide a reasonable accommodation for conditions related to pregnancy, childbirth, or related medical conditions upon the advice of a healthcare provider). Reasonable accommodations can include restructuring an employee's responsibilities, provided that essential functions are not eliminated. *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 375 (2015). Reassignment to a vacant position can be a reasonable accommodation if the employee cannot perform the essential functions of her position with an accommodation. *Id.* at 377. The reasonableness of an accommodation generally is a question of fact. *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 799 (N.D. Cal. 2015). The plaintiff does not plausibly plead a claim on this theory. Working as a consultant required essential travel, which was not possible due to her pregnancy.[18] McKinsey accommodated her pregnancy disability by reassigning her to a role where she qualified for a promotion (though unrealized due to a hiring freeze).[19]

The plaintiff's FEHA claims primarily are that she was terminated, despite strong performance reviews and a promotion offer, after she asked for, and obtained, pregnancy-related medical leave. Discrimination based on pregnancy constitutes sex discrimination under FEHA. Cal. Gov't Code §§ 12926(r)(1)(A), 12945(a)–(b). To establish a prima facie case of pregnancy discrimination, a plaintiff must show that her employer knew that she was pregnant (i.e., a member of a protected class), she was qualified for the position, she experienced an adverse employment action, and either similarly situated individuals outside the protected class "were treated more favorably, or other circumstances . . . give rise to an inference of discrimination." *Fitch v. S.F. Unified Sch. Dist.*, No. 15-cv-02769-SI, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015) (discrimination claims generally); *Fu v. Walker Parking Consultants*, 796 F. Supp. 2d 1148, 1154 (N.D. Cal.

---

[17] Opp'n – ECF No. 25 at 2; *see supra* Statement (summarizing complaint's allegations that she was denied "client-facing" opportunities because she was pregnant and could not travel).

[18] *See supra* Statement.

[19] *See id.*

2011) (the prohibition of sex discrimination under FEHA includes pregnancy discrimination); *Faust v. Cal. Portland Cement Co.*, 150 Cal. App. 4th 864, 886 (2007). The plaintiff's allegations satisfy those elements of a prima facie claim.

For FEHA, a plaintiff must show (1) she engaged in a protected activity, (2) the employer subjected her to an adverse employment action, and (3) a causal link exists between the protected activity and the employer's action. *Morgan v. Regents of the Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000). The plaintiff plausibly pleaded her protected status (pregnancy), the adverse action of termination, and the causal link (disclosure of her status, followed by termination despite positive performance reviews).

The failure-to-prevent-discrimination-and-retaliation claim is derivative of the underlying claims of discrimination or retaliation. The elements are that the plaintiff was subjected to discrimination or retaliation, the defendant failed to take reasonable steps to prevent it, and this failure caused harm. *Achal*, 114 F. Supp. 3d at 804 (citing *Trujillo v. N. Cnty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998). The claim survives because the claims of discrimination and retaliation are viable.

The wrongful termination in violation of public policy (claim one) survives because, as the parties agree,[20] it is predicated on the FEHA claims.

### 3. Whistleblower Retaliation, Cal. Lab. Code § 1102.5 (Claim Three)

To establish a prima facie claim for whistleblower retaliation under Cal. Lab. Code § 1102.5, an employee must show (1) she engaged in protected activity, (2) she thereafter was subjected to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Love v. Motion Indus., Inc.*, 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004) (citing *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (2000)). Protected activity requires disclosure of a violation of a specific statute, rule, or regulation. *Id.* at 1134–35; *La v. San Mateo Cnty. Transit Dist.*, No. 14-cv-01768-WHO, 2014 WL 4632224, at *5 (N.D. Cal. Sept. 16, 2014).

---

[20] *See supra* note 16.

The allegations do not establish a whistleblower claim because there are no allegations of a disclosure of a specific statutory or regulatory violation to the employer. The plaintiff may amend if she can allege such facts.

### 4. Retaliation for Requesting Sick Days (Claim Four)

The plaintiff conceded this issue by not opposing the argument.[21] The dismissal is with leave to amend.

### 5. Pregnancy Disability Leave and Family Medical Leave (Claims Five and Six)

California's Pregnancy Disability Leave Law mandates leave:

> [A]n employer [may not] refuse to allow an employee disabled by pregnancy, childbirth, or a related medical condition to take a leave for a reasonable period of time not to exceed four months and thereafter return to work, as set forth in the council's regulations. The employee shall be entitled to utilize any accrued vacation leave during this period of time. Reasonable period of time means that period during which the employee is disabled on account of pregnancy, childbirth, or a related medical condition.

Cal. Gov't Code § 12945(a)(1). California's Family Rights Act similarly mandates leave:

> It shall be an unlawful employment practice for any employer…to refuse to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period … to take up to a total of 12 workweeks in any 12-month period for family care and medical leave. Family care and medical leave requested pursuant to this subdivision shall not be deemed to have been granted unless the employer provides the employee, upon granting the leave request, a guarantee of employment in the same or a comparable position upon the termination of the leave.

*Id.* § 12945.2(a). "Family care and medical leave" includes "[l]eave for reason of the birth of a child of the employee." *Id.* § 12945.2(b)(5)(A).

The plaintiff pleaded a plausible claim under the Family Rights Act: she was entitled to maternity leave, began it, and was terminated during it. At the hearing, McKinsey pointed out that because the plaintiff had given birth, the Pregnancy Disability Act no longer applied, and

---

[21] *Id.*

only the Family Rights Act was relevant. The plaintiff did not respond to this argument at the hearing. The court dismisses claim five with leave to amend.

## CONCLUSION

The court dismisses claims three (whistleblower retaliation), four (retaliation for requesting sick leave), and five (pregnancy-disability leave) with leave to amend and otherwise denies the motion to dismiss. Any amended complaint must be filed within four weeks and must include as an attachment a blackline of the amended complaint against the current complaint.

**IT IS SO ORDERED.**

Dated: June 30, 2025

_____
LAUREL BEELER
United States Magistrate Judge