United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| L. REIS,<br>Plaintiff,<br>v.<br>MCKINSEY & COMPANY, INC., UNITED STATES,<br>Defendant. | Case No. 25-cv-00393-LB<br>**ORDER**<br>Re: ECF No. 47 |

**INTRODUCTION**

In this employment action, the parties dispute where and how the defendant may take the plaintiff's deposition. The plaintiff lives in Texas and is the primary caregiver for two children, ages three years and twenty months. She is willing to sit for her deposition but asks that it be taken remotely by videoconference. The defendant noticed the deposition in person at its counsel's San Francisco office and asks the court to require her attendance there or, alternatively, at one of its counsel's offices in Dallas, Houston, or Austin, with the proviso that the plaintiff reimburse counsel's reasonable travel expenses. The court can decide the dispute without a hearing. Civil L.R. 7-1(b). The plaintiff chose this forum, and she has not submitted evidence of the undue hardship or exceptional circumstances required to excuse an in-person deposition here. The court thus denies her request for a remote deposition. But to accommodate her childcare responsibilities, she may elect to be deposed at the defense counsel's Texas office nearest her home if she

reimburses the reasonable travel expenses of one examining attorney. The deposition must be completed by October 30, 2026.

**STATEMENT**

Between May 29 and July 16, 2026, the defendant asked the plaintiff three times for deposition dates, ultimately proposing the first two weeks of August and warning that it would notice the deposition unilaterally if she did not respond by the next day.[1] She did not provide dates. On July 20, 2026, the defendant noticed her deposition for August 11, 2026, in person at its counsel's San Francisco office.[2]

The plaintiff lives in Texas, is the primary caregiver for two young children, and has no childcare available for overnight travel.[3] She asks to be deposed remotely: traveling to San Francisco, she contends, would impose substantial expense (travel, lodging, and childcare) and safety concerns associated with bringing young children to an unfamiliar city or leaving them with unfamiliar caregivers.[4] A remote deposition, she says, allows a full and fair examination (with a court reporter, an oath, a transcript, video recording, participation by counsel, and electronic exhibits), and the defendant's own deposition notice contemplated videoconferencing and paperless exhibit display.[5]

The defendant offered to take the deposition in person at one of its counsel's Texas offices (Dallas, Houston, or Austin) if the plaintiff reimbursed its counsel's reasonable travel expenses. The plaintiff declined: she should not, she contends, have to pay defense counsel's travel costs to avoid an undue burden when a remote deposition is available and sufficient.[6] The defendant responds that (1) the plaintiff's hardship showing is generalized and undocumented (there is no itemization of costs and no explanation of why her spouse cannot cover childcare), (2) her safety

---

[1] Disc. Letter Br. – ECF No. 47 at 1. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF numbers at the top of the pages.

[2] *Id.*

[3] *Id.* at 1–2.

[4] *Id.* at 2.

[5] *Id.*

[6] *Id.* at 1–2.



United States District Court
Northern District of California

concerns are speculative because no one is asking her to bring her children, and (3) a remote deposition would impair its ability to assess her credibility and to examine her about documents.[7]

Counsel met and conferred by videoconference on August 4, 2026, and are at an impasse.[8]

## LEGAL STANDARD

Under Rule 26(c), the court may — for good cause — issue an order "specifying terms, including time and place or the allocation of expenses," for discovery. Fed. R. Civ. P. 26(c)(1)(B). Under Rule 30(b)(4), the court may order that a deposition "be taken by telephone or other remote means." A plaintiff ordinarily must make herself available for deposition in the district where she chose to sue. To avoid that obligation, she bears the burden of showing "undue hardship or exceptional or compelling circumstances." *Fenerjian v. Nong Shim Co.*, No. 13-cv-04115-WHO (DMR), 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016) (cleaned up).

## ANALYSIS

### 1. The Plaintiff Must Appear in Person

The plaintiff has not carried her burden. Her showing consists of counsel's statements in the joint letter: she is the primary caregiver for children ages three years and twenty months, lacks overnight childcare, and would incur travel, lodging, and childcare expenses. Those burdens are real. But courts in this district treat childcare responsibilities and travel costs, without more, as ordinary incidents of litigating in a distant forum that the plaintiff chose, not exceptional circumstances. *Id.* at *3–4; *Yoon v. Intuit Inc.*, No. 25-cv-03469-BLF (VKD), 2026 WL 145956, at *1–3 (N.D. Cal. Jan. 20, 2026). And the record here is thin even measured against those cases: there is no declaration, no estimate of costs, no response to the defendant's assertion that her spouse can care for the children during a short absence,[9] and no explanation of why the defendant's Texas

[7] *Id.* at 2–4.

[8] *Id.* at 4.

[9] *Id.* at 3.

United States District Court
Northern District of California

alternative, which would shorten or eliminate the travel she fears, is unworkable.

The plaintiff's best argument is that remote depositions are now routine and that the defendant's stated concerns (assessing demeanor and managing exhibits) are generic. Its own notice, she says, contemplated videoconferencing and paperless exhibits.[10] On an evidentiary showing of real hardship, those points might tip the balance. But the burden is the plaintiff's, argument is not evidence, and the defendant presumptively may depose her in person in the forum she selected, particularly because she is the party whose claims and credibility are at the center of the case. The deposition will be in person.

**2. Location, Expenses, and Timing**

Rule 26(c)(1)(B) lets the court fix the place of a deposition and allocate its expenses. When plaintiffs who chose this forum are deposed elsewhere for their own convenience, courts here have required them to pay the defense's reasonable travel expenses. *See, e.g.*, *Jones v. Nutiva, Inc.*, No. 4:16-cv-00711-HSG (KAW), 2017 WL 3412302, at *2–3 (N.D. Cal. Aug. 9, 2017). The defendant offered that arrangement, and it fairly accommodates the plaintiff's caregiving responsibilities without displacing the ordinary rule. The plaintiff thus may elect either (1) an in-person deposition at defense counsel's San Francisco office, at her own expense, or (2) an in-person deposition at whichever of defense counsel's Dallas, Houston, or Austin offices is nearest her home, with the plaintiff reimbursing the reasonable travel expenses — economy airfare, ground transportation, and reasonable lodging — of one examining attorney.

Logistics: any counsel may attend by videoconference, whatever the location. Within seven days of this order, the plaintiff must serve her election and at least three proposed deposition dates. If she does not, the defendant may notice the deposition at its counsel's San Francisco office on at least fourteen days' notice. The deposition must be completed by October 30, 2026. (The case schedule contemplates that ADR will be completed by November 5, 2026.[11] A defendant

---

[10] *Id.* at 2.

[11] Scheduling Order – ECF No. 46.

United States District Court
Northern District of California

generally cannot evaluate settlement without the plaintiff's deposition.) The parties may stipulate to a different arrangement (including a remote deposition) without further order.

## CONCLUSION

The court denies the plaintiff's request to be deposed remotely. She must appear in person: at her election, either (1) at defense counsel's San Francisco office or (2) at the defense counsel's office in Dallas, Houston, or Austin nearest her home, in which case she must reimburse the defendant for the reasonable travel expenses (economy airfare, ground transportation, and reasonable lodging) of one examining attorney. Within seven days of this order, the plaintiff must serve her election and at least three proposed dates. The deposition must be completed by October 30, 2026. Disputes about the reasonableness of claimed expenses must be raised, if at all, only after counsel meet and confer.

This resolves ECF No. 47.

**IT IS SO ORDERED.**

Dated: September 8, 2026



LAUREL BEELER
United States Magistrate Judge