United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

L. REIS,

Plaintiff,

v.

MCKINSEY & COMPANY, INC.,
UNITED STATES,

Defendant.

Case No. 25-cv-00393-LB

**ORDER**

Re: ECF No. 49

## INTRODUCTION

In this employment action (with claims of sex discrimination and retaliation arising from the plaintiff's November 2024 termination), the parties dispute the plaintiff's overdue supplemental discovery responses and document production. After a court-ordered meet and confer on August 4, 2026, the plaintiff agreed to serve supplemental interrogatory responses, complete her document production, advise about her treatment history, say whether she would sign records authorizations, and provide a privilege log, all by August 14, 2026. She provided none of it and, after three unanswered follow-ups, committed to a new date: September 25, 2026. The defendant asks the court to hold her to that date and also to compel her to identify her healthcare providers and to execute authorizations for the release of her medical and subsequent-employer records. The court can decide the dispute without a hearing. Civil L.R. 7-1(b).

The court grants the motion in the main. By September 25, 2026 (the date the plaintiff proposed), she must serve the agreed supplemental responses, complete the agreed production, make the agreed disclosures about her treatment history, identify her treating providers (from January 1, 2020, for conditions she attributes to the conduct alleged), state whether she will execute records authorizations, and serve a privilege log. The court declines on this record to compel her to sign authorizations, without prejudice to a renewed, targeted request if third-party subpoenas prove inadequate or too slow. The court does not decide the disputed scope of the plaintiff's medical-records discovery, which the parties must promptly meet and confer about.

**STATEMENT**

On April 23, 2026, the defendant sent a detailed meet-and-confer letter about the plaintiff's responses to its first sets of interrogatories and document requests and asked for supplemental responses and responsive documents by May 8.[1] On May 6, the plaintiff agreed to supplement several responses and to produce documents.[2] Nothing followed. The defendant followed up on May 29 (the plaintiff said she would provide further information shortly) and on June 15 (no response), sent a second comprehensive meet-and-confer letter on July 9 asking for complete supplementation by July 23, and followed up on July 16.[3] The plaintiff responded only that she "will produce" documents "after a reasonable search" and would supplement "as soon as reasonably practicable," proposing a rolling production with no date certain.[4]

On July 24, the defendant moved to deem the meet-and-confer requirement satisfied or to compel the plaintiff's participation; the court ordered the parties to meet and confer by videoconference by August 5.[5] They did, on August 4, and the plaintiff agreed to (1) serve complete

[1] Disc. Letter Br. – ECF No. 49 at 1. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF numbers at the top of the pages.

[2] *Id.*

[3] *Id.* at 1–2.

[4] *Id.* at 2.

[5] Def.'s Admin. Mot. – ECF No. 43; Order – ECF No. 44.

United States District Court
Northern District of California

supplemental responses to Interrogatory Nos. 1, 3, 4, and 6–20 and complete her production of documents responsive to Request for Production Nos. 9, 19–24, 25, 26–31, 35–36, 41–59, 61–62, 66–70, 76, 77, 81, 87, 88, and 106 by August 14, (2) identify any additional responsive documents that had not been but would be produced, (3) advise whether she has received treatment for emotional distress, mental-health conditions, or unrelated injuries from January 1, 2015, to the present so that the parties could confer about the appropriate scope of her medical-records production, (4) indicate whether she would execute authorizations for the release of her employment records to streamline the subpoena process, and (5) provide a privilege log.[6]

August 14 passed without the responses, the production, or the information. The defendant followed up on August 17, 18, and 28 and warned on September 4 that it would seek relief if the plaintiff did not comply by September 11.[7] On September 14, the plaintiff said that she would serve her supplemental responses and production by September 25, 2026; she did not respond to the defendant's request that she confirm the production would be complete.[8] On September 15 (because the plaintiff has produced no medical records), the defendant asked her to provide the names and contact information of all healthcare providers from whom she has sought treatment from January 1, 2020, to the present, so that it can issue records subpoenas, and to say whether she would execute an authorization for the release of her subsequent-employer and medical records. She did not respond.[9] The plaintiff's deposition must be completed by October 30, 2026, and the case schedule contemplates that ADR will be completed by November 5, 2026.[10]

The defendant asks the court to order compliance with the August 4 commitments by September 25 and to compel the provider identification and executed authorizations; the delay, it says, is prejudicing its ability to prepare for the deposition and to pursue third-party discovery in time.[11]

---

[6] Disc. Letter Br. – ECF No. 49 at 2–3; Meet-and-Confer Summary, Ex. A to Disc. Letter Br. – ECF No. 49-1 at 1–8.

[7] Disc. Letter Br. – ECF No. 49 at 3.

[8] *Id.*

[9] *Id.*

[10] Order – ECF No. 48; Scheduling Order – ECF No. 46.

[11] Disc. Letter Br. – ECF No. 49 at 3–4.

United States District Court
Northern District of California

The plaintiff responds that an order is largely unnecessary because she will serve the responses and complete the production by September 25, and she objects to relief beyond the parties' agreements: she has not agreed to wholesale production of her medical history, blanket authorizations are neither necessary nor proportional when the ordinary subpoena process is available, and she will provide a privilege log (excluding, per the parties' agreement, post-litigation attorney-client communications).[12]

## LEGAL STANDARD

Parties may obtain discovery of any nonprivileged matter that is relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party may move for an order compelling an answer or a production when a party fails to answer an interrogatory or to produce documents, and an evasive or incomplete answer or response is treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv), (a)(4). A party must produce responsive documents within her "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

## ANALYSIS

### 1. The Agreed Responses, Production, and Privilege Log

There is no real dispute about most of the relief. The plaintiff agreed on August 4 to the supplemental responses, the completed production, and a privilege log; she missed the agreed date, did not respond to three follow-ups, and now commits to September 25.[13] She says an order is unnecessary. The record says otherwise: her May and August commitments produced nothing, and her deposition must be completed by October 30, and the defendant reasonably needs the discovery in hand well before then. The court adopts the plaintiff's date as the court's deadline, on the terms in the Conclusion. The order compels only what the plaintiff agreed to provide: it does not enlarge any request, and it preserves the objections and scope limits reflected in her August 4 commitments.

---

[12] *Id.* at 4–5; Ex. A – ECF No. 49-1 at 6 (privilege-log agreement).

[13] Disc. Letter Br. – ECF No. 49 at 2–4.

United States District Court
Northern District of California

The privilege log need not include post-litigation communications between the parties and their counsel.[14]

**2. Treatment History and Provider Identification**

The plaintiff also agreed to advise whether she has received treatment for emotional distress, mental-health conditions, or unrelated injuries from January 1, 2015, to the present (the predicate for a conferral about the proper scope of her medical-records production).[15] She has not done so, and the court orders it. The court also orders the narrower provider identification the defendant requests: names and contact information for the healthcare providers from whom the plaintiff has sought treatment from January 1, 2020, to the present for physical or emotional conditions she attributes to the conduct alleged. The plaintiff claims emotional-distress damages and has produced no medical records. The identification is relevant, proportional as narrowed, and needed now if third-party subpoenas are to be issued and answered before the deposition.[16] The court does not decide the disputed scope of the plaintiff's medical-records production (including Request Nos. 92 and 93 and the temporal scope of Interrogatory No. 5). The parties must confer promptly after the plaintiff's advisement, and any production remains subject to the protective order.

**3. Records Authorizations**

The court declines on this record to compel the plaintiff to execute authorizations, without prejudice. At the August 4 conference, the plaintiff agreed only to say whether she would sign them; she never answered, and she must answer by September 25.[17] Beyond that, the parties cite no authority addressing compelled execution, and the defendant has not shown that the ordinary route (Rule 45 subpoenas to the providers and employers the plaintiff must now identify) is inadequate. If a third party will not produce records without an authorization, or if the pace of third-party

---

[14] Ex. A – ECF No. 49-1 at 6.

[15] Disc. Letter Br. – ECF No. 49 at 2–3.

[16] *Id.* at 1, 3–4.

[17] *Id.* at 3; Ex. A – ECF No. 49-1 at 2, 7.

discovery threatens the October 30 deadline, the defendant may renew the request by joint letter, and the court will resolve it quickly, including, if warranted, by ordering narrowly drawn authorizations or by ordering the plaintiff to obtain and produce records within her control herself. Fed. R. Civ. P. 34(a)(1).[18]

**CONCLUSION**

The court grants the defendant's motion in part, as follows.

1. By September 25, 2026, the plaintiff must (1) serve complete supplemental responses to Interrogatory Nos. 1, 3, 4, and 6–20 and to Request for Production Nos. 25, 81, and 106, and (2) complete her production of documents responsive to Request for Production Nos. 9, 19–24, 25, 26–31, 35–36, 41–59, 61–62, 66–70, 76, 77, 81, 87, 88, and 106, consistent with her August 4, 2026 commitments. She must identify any additional responsive documents that remain to be produced and when they will be produced and, for any request where a reasonable search locates nothing, say so in her response.

2. By September 25, 2026, the plaintiff must (1) advise whether she has received treatment for emotional distress, mental-health conditions, or unrelated injuries from January 1, 2015 to the present and (2) provide the names and contact information of all healthcare providers from whom she has sought treatment from January 1, 2020, to the present for any physical or emotional conditions she attributes to the conduct alleged in the complaint.

---

[18] In reaching this conclusion, the court considered compelling limited authorization now. The plaintiff's pattern — commitments in May and August followed by nothing, three unanswered follow-ups, and silence in response to the defendant's September 15 requests — gives little assurance that subpoena practice will run its course before the October 30 deposition deadline. Disc. Letter Br. – ECF No. 49 at 1–5. An approach might have been to order the plaintiff, within three days of receiving the forms, to execute authorizations limited to (1) records of her treatment from January 1, 2020, to the present, from the providers identified under this order, for the physical or emotional conditions she attributes to the conduct alleged, and (2) the personnel and payroll records of her employers from November 19, 2024, to the present. The protective order addresses the plaintiff's privacy and proportionality objections. That said, the court settled on the process in this order. This alternative approach is defensible but the result in this order more closely tracks what the parties actually agreed to and briefed.

United States District Court
Northern District of California

3. By September 25, 2026, the plaintiff must serve a privilege log for any responsive documents withheld as privileged or work product, or state that she is withholding none. Post-litigation communications between the parties and their counsel need not be logged.

4. By September 25, 2026, the plaintiff must state in writing whether she will execute authorizations for the release of her medical records and her subsequent-employer records and, if she is willing to do so only with limits, what those limits are.

5. The court otherwise denies the request to compel executed authorizations, without prejudice. The defendant may subpoena records from the providers and employers the plaintiff identifies. If a third party will not produce records without an authorization, or if the timing of third-party discovery threatens the October 30 deposition deadline, the defendant may renew the request by joint letter.

6. Within seven days of the plaintiff's advisement under term 2, the parties must meet and confer about the scope of the plaintiff's medical-records discovery (including Request Nos. 92 and 93 and Interrogatory No. 5) and must raise any remaining dispute promptly by joint letter.

7. If the plaintiff does not comply with this order, the defendant may raise the issue by letter brief, and noncompliance may result in sanctions under Rule 37(b)(2).

This resolves ECF No. 49.

**IT IS SO ORDERED.**

Dated: September 24, 2026

LAUREL BEELER
United States Magistrate Judge